| | |
|---|---|
| 1 | MARK B. HELM (State Bar No. 115711) |
| | MUNGER, TOLLES & OLSON LLP |
| 2 | 355 South Grand Avenue |
| | Thirty-Fifth Floor |
| 3 | Los Angeles, CA 90071-1560 |
| | (213) 683-9100 |
| 4 | |
| | KELLY M. KLAUS (State Bar No. 161091) |
| 5 | MUNGER, TOLLES & OLSON LLP |
| | 33 New Montgomery Tower |
| 6 | Nineteenth Floor |
| | San Francisco, CA 94105-9781 |
| 7 | (415) 512-4000 |
| 8 | Attorneys for Defendant |
| | PHILADELPHIA CHURCH OF GOD, INC. |

FILED CLERK, U.S. DISTRICT COURT
DEC 14 1999
CENTRAL DISTRICT OF CALIFORNIA
DEPU

ENTERED CLERK, U.S. DISTRICT COURT
DEC 15 1999
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLDWIDE CHURCH OF GOD, | CASE NO. CV 97-5306-JSL |
| Plaintiff, | [~~PROPOSED~~] ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION [1] TO AMEND COURT'S NOVEMBER 22, 1999 ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND DENYING PLAINTIFF'S MOTION TO RE-TAX COSTS AND [2] TO ENTER JUDGMENT ON THE AWARD OF FEES AND COSTS |
| vs. | |
| PHILADELPHIA CHURCH OF GOD, INC., | |
| Defendant. | |
| | Date: N/A |
| | Time: N/A |
| | Ctrm: 4 — Hon. J. Spencer Letts |

**THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).**

✓ Docketed
5 ✓ Copies / NTC Sent
__ JS - 5 / JS - 6
__ JS - 2 / JS - 3
✓ CLSD
01755.11

250.

The Court has considered Defendant Philadelphia Church of God, Inc.'s <u>Ex Parte</u> Application [1] to amend the November 22, 1999 Order Granting Defendant's Motion for Attorneys' Fees and Denying Plaintiff's Motion to Re-Tax Costs and [2] to enter judgment on the award of fees and costs.

GOOD CAUSE APPEARING THEREFOR, the Application is GRANTED. The Court's November 22, 1999 Order Granting Defendant's Motion for Attorneys' Fees and Denying Plaintiff's Motion to Re-Tax Costs is hereby expressly amended to state as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

[1]     Defendant is the "prevailing party," under 17 U.S.C. § 505 and Civil Local Rule 16, on Plaintiff's Complaint for Copyright Infringement.

[2]     After reviewing the applicable factors set forth in <u>Fogerty v. Fantasy, Inc.</u>, 94 F.3d 553 (9th Cir. 1996), the Court determines that an award of attorneys' fees to Defendant is proper in view of (a) the degree of success that Defendant obtained in defending against Plaintiff's Complaint, (b) the fact that judgment for the Defendant furthers the purposes of the Copyright Act, (c) the fact that Defendant prevailed on the merits, rather than on a technical ground, (d) the substantial benefits conferred by the Defendant's judgment relative to the costs of this litigation, (e) the fact that an award of attorneys' fees will not have a chilling effect on Plaintiff, and (f) the need for compensation and deterrence arising from plaintiff's bad faith litigation tactics as set forth in defendant's briefs.

[3]     Based on the materials submitted in connection with the Defendant's Motion for Attorneys' Fees and the Plaintiff's Motion to Re-Tax Costs, the Court expressly finds that the hourly fees charged by Defendant's counsel are within the range of fees charged by lawyers in the community of reasonably comparable skill, experience and reputation.

[4]     Based on the materials submitted in connection with the Defendant's Motion for Attorneys' Fees and the Plaintiff's Motion to Re-Tax Costs, as well as the other pleadings and materials on file with the Court, and in view of, among other factors, (a) the time and labor required, (b) the skill required to perform the legal services in this litigation properly, and (c) the experience and ability of the attorneys involved, the Court expressly finds

1  that the amount of fees that Defendant incurred were reasonably necessary to successfully
2  defend against Plaintiff's claim.
3        [5]    Defendant's motion for attorneys' fees is GRANTED in the amount of
4  $289,685.00.
5        [6]    Plaintiff's motion to re-tax costs is DENIED, and Defendant is entitled
6  to recover its costs in the amount of $6,166.90.
7        [7]    The Clerk of this Court is expressly directed to enter judgment on a
8  separate document, in accordance with the provisions of Federal Rule of Civil Procedure 58, to
9  reflect the foregoing awards of fees and costs.

11  IT IS SO ORDERED.

13  Dated: 12/14/99

                                              Snyder
                                        UNITED STATES DISTRICT JUDGE

Presented by:

MUNGER, TOLLES & OLSON LLP

By: *Mark B. Helm*
     Mark B. Helm

Attorneys for Defendant
Philadelphia Church of God, Inc.