UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

MINUTE ORDER

Case No.: CV-97-5306 CAS                          May 7, 2001

Title:   WORLDWIDE CHURCH OF GOD v. PHILADELPHIA CHURCH OF GOD, INC.

---

PRESIDING:    HONORABLE CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE

Maynor Galvez,                                    Laura Elias,
Deputy Clerk                                      Court Reporter

---

PLAINTIFF COUNSEL PRESENT:         DEFENDANT COUNSEL PRESENT:
Allan Browne                       Kelly M. Klaus
                                   Mark B. Helm

PROCEEDINGS:  DEFENDANT-COUNTERCLAIMANT'S MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIM

This case arises from defendant-counterclaimant Philadelphia Church of God's ("PCG") unauthorized use and distribution of Mystery of the Ages ("MOA"), the last work by plaintiff Worldwide Church of God's ("WCG") deceased founder, Herbert W. Armstrong. The factual background of the case is set forth in the Ninth Circuit's opinion filed on September 18, 2000 at Worldwide Church of God v. Philadelphia Church of God, Inc., 227 F.3d 1110 (9th Cir. 2000). The procedural background relevant to this motion is set forth below.

I.   PROCEDURAL BACKGROUND

In its complaint, plaintiff WCG alleged that defendant had infringed plaintiff's copyright in MOA by reproducing, distributing, promoting, advertising and offering unlawful and unauthorized copies of the work to the public. See Worldwide Church, 227 F.3d at 1113. Defendant PCG answered, denying plaintiff's ownership of the copyright and asserting that plaintiff's claim was barred by the Free Exercise Clause of the

S:\Orders\CIVIL\1997\97-5306.3.wpd      1



ENTERED ON ICMS
MAY - 9 2001
CV

First Amendment, the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb-2000bb-4, and the fair use doctrine, among other affirmative defenses. Id. In addition, PCG filed a counterclaim, also based on RFRA, seeking a declaration of its right to reproduce and distribute MOA. The counterclaim also seeks declaration of PCG's right to reproduce and distribute eighteen other of Mr. Armstrong's most significant out-of-print works (the "non-MOA Works"). See id. at 1113-14. However, on October 15, 1997, the district court (Judge Letts) granted WCG's motion to strike PCG's RFRA defense and counterclaim.

Thereafter, on April 20, 1999, the district court denied WCG's motion for partial summary judgment and for a preliminary injunction to restrain PCG from printing or distributing any materials copyrighted by WCG, including MOA, and granted PCG's motion for summary adjudication. Id. at 1114. The court concluded that Herbert Armstrong, founder of the Radio Church of God, later renamed Worldwide Church of God, and author of MOA, was the "author" of the work as that term is used in the Copyright Act, although MOA and Armstrong's other writings were copyrighted in the name of WCG, or its affiliate teaching arm, Ambassador College. Id. at 1114, 1113. The court also concluded that MOA was not a work for hire, implying that WCG did not own the copyright, and that PCG's use of MOA is statutorily protected "fair use" of the work under 17 U.S.C. § 107. Id. at 1114.

WCG appealed the district court's order granting summary judgment to PCG, the denial of its motion for a preliminary injunction, and the denial of its motion to amend the judgment. The Ninth Circuit consolidated these appeals on June 30, 1999, and thereafter consolidated an appeal of the district court's judgment in favor of PCG pursuant to Fed. R. Civ. P. 54(b). In addition, in order to bring its RFRA claims before the Ninth Circuit, PCG sought certification by the district court, pursuant to 28 U.S.C. § 1292(b), of the Court's October 15, 1997 dismissal of the RFRA defense and counterclaim. Judge Letts granted PCG's application for § 1292(b) certification on July 21, 1999. However, on October 25, 1999, the Ninth Circuit denied PCG's petition to appeal from Judge Letts' July 21, 1999 interlocutory order "as unnecessary" and held that "the interlocutory order merges into the July 23, 1999 final judgment and may be challenged in the appeal from that judgment...." See Ninth Circuit Order No. 99-55850, Klaus Reply Decl., Ex. A.

On September 18, 2000, the Ninth Circuit reversed the district court's judgment in favor of PCG, holding that WCG was the copyright owner of MOA, that PCG infringed the copyright, and that PCG's fair use defense failed as a matter of law. In addition, the Ninth Circuit held that PCG's RFRA defense also failed because PCG's had not met the RFRA "substantial burden" test, stating:

> In the absence of evidence that PCG's needs could not reasonably be accommodated under the copyright laws, we decline to hold that enforcement of those laws in these circumstances constitutes an unreasonable burden.

Worldwide Church, 227 F.3d at 1121. The Ninth Circuit then proceeded to issue the following mandate:

> The undisputed facts establish as a matter of law that PCG is not entitled to claim fair use. Because infringement by PCG of WCG's copyright is undisputed, barring fair use, WCG is entitled to a permanent injunction against the reproduction and distribution by PCG of MOA. Accordingly, we reverse the judgment for PCG in Nos. 99-55934 and 99-56489, and the denial of WCG's motion for a preliminary injunction in No. 99-55850, dismiss the appeal from the denial of WCG's motion for an injunction pending appeal in No. 99-56005 as moot, and remand for entry of a preliminary injunction pending a trial of any damages and final adjudication.

Id.

On October 10, 2000, PCG petitioned for rehearing and rehearing en banc. In its brief, PCG contended that the majority's holding requiring PCG to seek permission and "presumably to pay for the right to use" MOA was not "as a matter of law a substantial burden on the exercise of religion," Benjamin D. Scheibe Decl., Ex. 12, Def.'s Pet. Rehearing, pp. 17-18 (citing Worldwide Church at 1121), erroneously declared that

no set of facts could be proven at trial that would establish a violation of RFRA. In support of this contention, PCG argued that "requesting permission would have been entirely futile, given WCG's 'Christian duty' to keep the work out of circulation." Scheibe Decl., Ex. 12, Def.'s Pet. Rehearing at 18. Nevertheless, the Ninth Circuit denied PCG's motion for a rehearing or a rehearing en banc of its September 18, 2000 order.

The parties are now before the Court on PCG's motion for leave to amend its answer and counterclaim.

## II. DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIM

PCG requests leave of Court to file an amended answer and counterclaim to reinstate (1) its RFRA defense to WCG's infringement claim arising from the distribution of MOA and (2) its RFRA counterclaim for declaratory relief with regard to the non-MOA Works.[1]

PCG contends that because the terms of the Ninth's Circuit's mandate remanding the case to this Court specifically contemplate additional proceedings prior to the entry of a permanent injunction, the mandate leaves open the possibility for PCG to develop and present its RFRA case. PCG argues that before WCG's complaint may be "finally adjudicated," as the Ninth Circuit

---

[1] In addition, in order to avoid any claim of waiver, PCG seeks to reinstate its affirmative defenses for estoppel and unclean hands which were also stricken by Judge Letts in his October 15, 1997 order, see Helm Decl., Ex. A, ¶ 4, as well the copyright-based defenses (and, insofar as MOA is concerned, the counterclaims) rejected by the Ninth Circuit. See King v. Atiyeh, 814 F.3d 565, 567 (9th Cir. 1987)("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."); Marx v. Loral Corp., 87 F.3d 1049, 1055 (9th Cir. 1996)(same). At the hearing on this motion, counsel for defendants represented that it had no intention of pursuing its defenses for estoppel and unclean hands. Accordingly, the Court grants leave to amend only with regard to the RFRA counterclaim on the eighteen non-MOA Works.

directed, PCG is entitled to rely on RFRA with respect to both liability and damages.

As to liability, PCG's proposed amendment seeks to clarify that the substantial burden it alleges arises not from the inconvenience of requesting a license (as the Ninth Circuit appeared to infer), but from the inability to use the religious works that are the cornerstone of its religious practices because WCG will not grant a license for the use of works it believes it has a "Christian duty" to keep "out of circulation." Through its RFRA defense, PCG seeks to show that its needs cannot reasonably be accommodated under the copyright laws.

As to the issue of damages, PCG argues that part of WCG's claim for damages is an attempt to siphon funds donated by individuals, not a payment for a book (which is distributed for free) but as support for PCG's religious mission. PCG argues that such claim for damages is clearly aimed to handicap PCG's religious practices and chill PCG's ecclesiastical activities. PCG therefore asserts that absent compliance with the "compelling interest" test, RFRA does not permit this type of substantial burden to be placed on religious practice because the statute serves to temper the harsh impact of federal law, including copyright law, including a court's application thereof, on the practice of religion.

Finally, PCG argues that because the mandate has absolutely no bearing on the eighteen non-MOA Works in the counterclaim it should be allowed to amend the counterclaim accordingly.

Under Fed. R. Civ. P. 15(a), if more than twenty days have passed since the date of filing, a responsive pleading may be amended "only by leave of court or by written consent of the adverse party." The answer may be amended to add an affirmative defense. See Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 8:230 (The Rutter Group 2000).

Leave to amend is to be granted freely "when justice so requires." Id. Generally, in the Ninth Circuit, courts apply this policy with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). However, "[a]lthough the rule should interpreted with 'extreme liberality,' leave to amend is not to be granted automatically."

Jackson v. Bank of Hawaii, 902 F.3d 1385, 1387 (9th Cir. 1990). The Court may deny a request for leave to amend if permitting an amendment would substantially prejudice the opposing party, if the moving party "unduly delayed in filing [its] motion," or if the proposed amendment would be futile. Jackson, 902 F.2d at 1388 & n.4; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Here, the Court's discretion in granting leave to amend is limited by the Ninth Circuit's mandate remanding the case for "entry of a preliminary injunction pending a trial of any damages and final adjudication." 227 F.3d at 1121. Notwithstanding PCG's argument that it leaves open the possibility for PCG to develop and present its RFRA case, the Court concludes that the plain language of the mandate does not permit amendment with respect to PCG's RFRA defense, nor does it permit amendment as to the RFRA counterclaim, at least with respect to MOA. Although PCG insists that the Ninth Circuit never reached its futility argument and therefore has not allowed for full litigation of its RFRA claims, PCG did argue futility to the Ninth Circuit in its motion for rehearing or rehearing en banc. The Ninth Circuit manifestly rejected this argument by denying a rehearing. While the denial is not a binding order, it suggests that the mandate issued by the merits panel on September 18, 2000 expresses the full intention of the Ninth Circuit.

In opposition to PCG's motion, WCG advances numerous arguments as to why amendment should not be allowed, citing the grounds of undue delay, substantial prejudice to plaintiff, and futility of amendment. In addition, WCG argues that PCG's motion to amend under Rule 15(a) is improper on the theory that Judge Letts dismissed the RFRA defense and counterclaim with prejudice requiring PCG to file a motion for reconsideration under rule 59(e) or rule 60(b) in order to proceed. In light of the strong preference in the Ninth Circuit for allowing parties to amend pleadings, however, the Court is not persuaded by plaintiff's arguments.

Thus, in light of the mandate issued by the Ninth Circuit in this case, the Court hereby grants defendant's motion to amend

the counterclaim with respect to the non-MOA Works. Defendant's motion is otherwise denied.[2]

III. CONCLUSION

For the reasons stated hereinabove, PCG's motion for leave to amend the counterclaim is granted with regard to the non-MOA Works. The motion is otherwise denied.

IT IS SO ORDERED.

---

[2] Because the answer responds to plaintiff's complaint which only alleges infringement of MOA, the mandate appears to preclude the Court from granting the requested leave to amend the answer.