```
                                              Priority ___
                                              Send     ✓
                                              Enter    ___
           UNITED STATES DISTRICT COURT       Closed   ___
            CENTRAL DISTRICT OF CALIFORNIA    JS-5/JS-6 ___
                                              JS-2/JS-3 ___
                                              Scan Only ___
                        MINUTE ORDER
```

Case No.: CV-97-5306 CAS                              September 28, 2001

Title:   WORLDWIDE CHURCH OF GOD v. PHILADELPHIA CHURCH OF GOD, INC.

---

PRESIDING:    HONORABLE CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE

Maynor Galvez,
Deputy Clerk

---

PLAINTIFF COUNSEL PRESENT:          DEFENDANT COUNSEL PRESENT:
None                                None

PROCEEDINGS:   MOTION TO INTERVENE

On preliminary review of the motion, the Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78. The Court has considered the motion of the proposed intervenor to intervene. After reviewing the materials submitted and the case file, the Court denies the motion.

This case arises from defendant-counterclaimant Philadelphia Church of God's ("PCG") unauthorized use and distribution of Mystery of the Ages ("MOA"), the last work authored by plaintiff Worldwide Church of God's ("WCG") deceased founder, Herbert W. Armstrong. The factual background of the case is set forth in the Ninth Circuit's September 18, 2001 opinion in Worldwide Church of God v. Philadelphia Church of God, Inc., 227 F.3d 1110 (9th Cir. 2000) ("Worldwide Church"), cert. denied, 121 S. Ct. 1486 (2001). In Worldwide Church, the Ninth Circuit held that PCG was infringing WCG's copyright by reprinting and distributing MOA and granted a permanent injunction prohibiting PCG from appropriating the work. Id. at 1121. In doing so, the court rejected PCG's defense that its use of MOA constituted "fair use" under 17 U.S.C. § 107. However, the Ninth Circuit did not rule upon PCG's counterclaim for declaratory relief with respect to eighteen additional works authored by Armstrong that PCG seeks to disseminate ("non-MOA works") on the issues of fair use, "work for hire," and abandonment.

S:\Orders\CIVIL\1997\97-5306.10.wpd





The proposed intervenor, Gary L. Bradshaw, a state prisoner in Texas, is a former student of the WCG's Ambassador College Bible correspondence course, a former subscriber to two WCG-published magazines, and an adherent to the WCG religious doctrine. Bradshaw appears to assert his right to intervene under Fed. R. Civ. P. 24(a), intervention of right, and Fed. R. Civ. P. 24(b), permissive joinder.[1] Fed. R. Civ. P. 24(a) states in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit uses a four-part test to determine whether these requirements of Rule 24(a) are met.

> An order granting intervention as of right is appropriate if (1) the applicant's motion is timely; (2) the applicant has asserted an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that without intervention the disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties.

United States v. Stringfellow, 783 F.2d 821, 826 (9th Cir. 1986). Bradshaw makes no substantive arguments in his memorandum that would demonstrate that the four elements listed above have been met. Bradshaw has most notably failed to demonstrate that the fourth factor of this test is met. Under Stringfellow, determination of whether the fourth factor is met requires analysis of (1) whether the interests of a present party to the suit are such that it will undoubtedly make all of the intervenor's arguments; (2) whether the present party is able and willing to make such arguments; and (3) whether the intervenor would offer any necessary element to the proceedings that the

---

[1] Bradshaw does not specify what Rule he brings his motion under; however, from the title of his document, "Applicant's Intervention of Right or Permissible Intervention," it appears that he seeks to intervene under both Fed. R. Civ. P. 24(a) and (b).

S:\Orders\CIVIL\1997\97-5306.10.wpd

other parties would neglect. 783 F.2d at 827. The proposed intervenor has the burden of showing that existing parties do not adequately represent his interests. <u>Northwest Forest Resource Council v. Glickman</u>, 82 F.3d 825, 838 (9th Cir. 1993). This burden is met with a showing that the representation "may be" inadequate. <u>Id.</u>

  Analysis of Bradshaw's interests under the <u>Stringfellow</u> test establishes that he is not an appropriate intervenor in the instant case. Bradshaw, like the PCG, is seeking access to various publications WCG holds the copyright to. Because the interests of PCG and Bradshaw are identical, it is clear that PCG will make all of Bradshaw's arguments. PCG has demonstrated that it is willing and able to make these arguments. Finally, Bradshaw offers no necessary elements to the proceedings that the other parties would neglect. If PCG is ultimately successful in obtaining the relief it seeks and is allowed to republish and distribute the non-MOA works, Bradshaw will be a beneficiary.

  In addition, Bradshaw also seeks to intervene under Fed. R. Civ. P. 24(b)(2), which allows permissive intervention at the court's discretion when "an applicant's claim or defense and the main action have a question of law or fact in common" and intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties." In the instant case, the proposed intervenor fails to meet both prongs of the test. First, Bradshaw does not appear to have a cognizable claim. He is not seeking to republish the works, or a determination that his use of the non-MOA works be declared "fair use"; he merely seeks to have the Court decide PCG's claim in a way that is beneficial to him. In addition, the parties to the action have already submitted their briefs and the Court has heard argument on the matters at issue. Allowing Bradshaw to intervene at this stage in the proceedings would further delay the adjudication of this case. Because Bradshaw fails to meet the requirements for permissive intervention under Fed. R. Civ. P. 24(b), the Court cannot allow him to intervene in this action.

  Bradshaw's motion to intervene is therefore DENIED.

  IT IS SO ORDERED.