**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

**MINUTE ORDER**

Case No.: CV-97-5306 CAS                December 4, 2002

Title:   WORLDWIDE CHURCH OF GOD v. PHILADELPHIA CHURCH OF GOD, INC.

PRESIDING:    HONORABLE CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE

Maynor Galvez,
Deputy Clerk

| PLAINTIFF COUNSEL PRESENT: | DEFENDANT COUNSEL PRESENT: |
|---|---|
| None | None |

PROCEEDINGS:    **(1) AMENDED AND SUPPLEMENTED MOTION TO INTERVENE AS A PLAINTIFF**
(Filed March 20, 2002)

**(2) MOTION FOR AN EXTENSION OF TIME TO INTERVENE, OR TO STAY CIVIL PROCEEDINGS**
(Filed November 29, 2002)

**(2) MOTION FOR APPOINTMENT OF COUNSEL**
(Filed November 29, 2002)

On preliminary review of the motions, the Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78. The Court has considered the motions of the proposed intervenor to intervene, to extend the time to intervene or stay the proceedings, and for appointment of counsel. After reviewing the materials submitted and the case file, the Court denies each of the motions.

**I.  INTRODUCTION**

This case arises from defendant-counterclaimant Philadelphia Church of God's ("PCG") unauthorized use and distribution of Mystery of the Ages ("MOA"), the last work authored by plaintiff Worldwide Church of God's ("WCG") deceased founder, Herbert W. Armstrong. The factual background of the case is set forth in the Ninth Circuit's September 18, 2001 opinion in Worldwide Church of God v. Philadelphia Church of God, Inc., 227 F.3d 1110

S:\Orders\CIVIL\1997\97-5306.18.wpd

ENTERED ON MS
DEC -9 2002

524

(9th Cir. 2000) ("Worldwide Church"), cert. denied, 121 S. Ct. 1486 (2001). In Worldwide Church, the Ninth Circuit held that PCG was infringing WCG's copyright by reprinting and distributing MOA and granted a permanent injunction prohibiting PCG from appropriating the work. Id. at 1121. In doing so, the court rejected PCG's defense that its use of MOA constituted "fair use" under 17 U.S.C. § 107. However, the Ninth Circuit did not rule upon PCG's counterclaim for declaratory relief with respect to eighteen additional works authored by Armstrong that PCG seeks to disseminate ("non-MOA works") on the issues of fair use, "work for hire," and abandonment.[1]

The applicant for intervention, Gary L. Bradshaw, a state prisoner in Texas, is a former student of the WCG's Ambassador College Bible correspondence course, a former subscriber to two WCG-published magazines, and an adherent to the WCG religious doctrine. On September 28, 2001, this Court denied Bradshaw's motion to intervene as a party in this action. The Court found that "Bradshaw, like PCG, is seeking access to various publications WCG holds the copyright to" and therefore the Court concluded that PCG will adequately represent Bradshaw's interests in the litigation. September 28, 2001 Minute Order. Further, the Court found that Bradshaw offered no new element to the proceedings that would be neglected by WCG or PCG. Id. Finally, the Court noted that "if PCG is ultimately successful in obtaining the relief it seeks and is allowed to re-publish and distribute the non-MOA works, Bradshaw will be a beneficiary." Id.

In the first motion before the Court, Bradshaw seeks to have the Court consider his amended and supplemented motion to intervene as a plaintiff.[2] In the second motion, Bradshaw moves for an extension of time to intervene in this action, or to stay the civil proceedings so that he may intervene. Additionally, Bradshaw requests that he be appointed counsel in this matter pursuant to 28 U.S.C. § 1915(e).

---

[1] The matter is currently set for trial on March 4, 2003.

[2] It appears that Bradshaw's amended and supplemental motion to intervene as a party was filed on March 20, 2002, but that the Court has not yet rules on the motion. Therefore, the Court addresses this motion today along with Bradshaw's motion filed on November 29, 2002.

S:\Orders\CIVIL\1997\97-5306.18.wpd

## II. AMENDED AND SUPPLEMENTED MOTION TO INTERVENE AS A PLAINTIFF

By his request that this Court review his amended and supplemented motion to intervene as a plaintiff in the above-captioned matter, Bradshaw essentially requests that this Court reconsider its previous order denying his motion to intervene.

Local Rule 7-18 sets forth the bases upon which this Court may reconsider a previous order. The Rule provides as follows:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise or reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

Bradshaw has not demonstrated a "material difference in fact" that could not have been known to him at the time that the Court first considered his motion to intervene, nor has he shown that "new material facts" have emerged since the Court rendered its decision. See Senter v. Hughes Aircraft Co., 1994 WL 899239, at *1 (C.D. Cal. Mar. 30, 1994) (denying motion for reconsideration where no material difference in fact was raised that could not have been presented to the court before its order); Van Ryn v. Korean Air Lines, 640 F. Supp. 284, 285-86 (C.D. Cal. 1985). Here, prior to issuance of the order denying Bradshaw's motion to intervene, ample evidence was available to the Court on all relevant issues, including the issue of whether or not Bradshaw could intervene either as a matter of right or under permissive intervention. Though Bradshaw now attempts to reargue the Court's findings PCG will adequately represent his claims, his arguments do not constitute "new material facts" and therefore fail to meet the criteria of Rule 7-18 which would justify reconsideration. Therefore, the Court will not reconsider its denial of Bradshaw's motion to intervene and the amended and supplemented motion to intervene as a plaintiff is denied.

### III. MOTION FOR AN EXTENSION OF TIME TO INTERVENE, OR TO STAY CIVIL PROCEEDINGS

Because Bradshaw's motion to intervene in this matter has been denied, and the Court herein denies his request to reconsider that denial, Bradshaw's motion for an extension of time to intervene, or to stay the civil proceedings so that he may intervene, is moot.[3] Therefore, the Court denies the motion for an extension of time, or to stay the proceedings.

### IV. MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to 28 U.S.C. § 1915(e)(1) the Court may appoint counsel "to represent any person unable to afford counsel," but only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Id. Neither factor is dispositive, so both must be considered in reaching a decision. Id.

Bradshaw cannot demonstrate that he meets the requirements for appointment of counsel in this matter because the Court has denied his motion to intervene as a party. Thus, there is no need for counsel to be appointed because Bradshaw is not a party in this matter. Therefore, Bradshaw's motion for appointment of counsel is denied as moot.

IT IS SO ORDERED.

---

[3] Bradshaw also appears to request that he be permitted to consolidate his claims with the counterclaims asserted by PCG. However, for the reasons set forth in the Court's September 28, 2001 Minute Order denying Bradshaw's motion to intervene, the Court also denies the request to consolidate Bradshaw's action.

S:\Orders\CIVIL\1997\97-5306.18.wpd