1　MARK B. HELM (SBN 115711)
　　KELLY M. KLAUS (SBN 161091)
2　ERIC J. LORENZINI (SBN 218433)
　　MUNGER, TOLLES & OLSON LLP
3　355 South Grand Avenue, 35th Fl.
　　Los Angeles, CA 90071-1560
4　Telephone: (213) 683-9100
　　Facsimile: (213) 687-3702

5

6　Attorneys for Defendant
　　PHILADELPHIA CHURCH OF GOD, INC.

7　ALLAN BROWNE (SBN 34923)
　　MILES J. FELDMAN (SBN 173383)
8　NICK J. G. SANCHEZ (SBN 213749)
　　BROWNE & WOODS LLP
9　450 North Roxbury Drive, Seventh Floor
　　Beverly Hills, CA 90210-4231
10　Telephone: (310) 274-7100

11　RALPH K. HELGE (SBN 31562)
　　300 West Green Street
12　Pasadena, CA 91123
　　Telephone: (626) 304-4000

13

14　Attorneys for Plaintiff
　　WORLDWIDE CHURCH OF GOD

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

MAR 18 2004

CENTRAL DISTRICT OF CALIFORNIA
BY　　　　　　　　DEPUTY

Priority ✓
Send —
Clsd ✓
Enter —
JS-5/JS-6 —
JS-2/JS-3 —

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WORLDWIDE CHURCH OF GOD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PHILADELPHIA CHURCH OF<br>GOD, INC.,<br><br>　　　　Defendant. | CASE NO. CV-97-5306-CAS<br><br>**STIPULATION AND [PROPOSED]<br>ORDER REGARDING<br>CONFIDENTIAL DOCUMENTS** |

DOCKETED ON CM

MAR 19 2004

BY　　　　007

970257.1

1    WHEREAS, the Court entered a Confidentiality Stipulation and Order in this

2    action on March 3, 1998 (a true and correct copy of which is attached hereto as

3    Exhibit A); and

4    WHEREAS, the Philadelphia Church of God ("PCG") filed a Motion For

5    Clarification of the Confidentiality Stipulation and Order ("Motion For

6    Clarification") on June 6, 2003, challenging the Worldwide Church of God

7    ("WCG's") designation of certain information as confidential under the stipulated

8    protective order; and

9    WHEREAS, WCG filed an *Ex Parte* Application For An Order That The

10   Confidentiality Stipulation and Order Has No Application To Documents Attached

11   As Exhibits 1-33 on July 8, 2003 ("*Ex Parte* Application"); and

12   WHEREAS, the Court, by Order entered August 7, 2003, concluded that it

13   retained jurisdiction to hear disputes over the designation of documents as

14   confidential and ordered the parties to meet and confer to select a Special Master to

15   hear disputes over confidential documents (a true and correct copy of the Court's

16   August 7, 2003 Order is attached hereto as Exhibit B); and

17   WHEREAS, during the hearing on PCG's Motion For Clarification, the

18   Court recommended that the parties meet and confer to attempt to resolve the

19   dispute over confidential documents; and

20   WHEREAS, pursuant to the Court's recommendation, PCG and WCG have

21   met and conferred and agreed to resolve their dispute over confidential documents

22   according to the terms set forth below;

23   IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES

24   HERETO, THROUGH THEIR COUNSEL OF RECORD:

25   1.    Information that the parties have designated "Confidential" pursuant to

26   the Confidentiality Stipulation and Order shall remain Confidential, except as

27   expressly provided herein.  Information that the parties have not designated

28   Confidential (including, but not limited to deposition transcripts, videotapes, and

970257.1

1   exhibits that do not bear a "CONFIDENTIAL" legend) shall not be subject to the

2   Confidentiality Stipulation and Order or any other duty of confidentiality

3   undertaken by PCG or WCG, except as expressly provided herein.

4       2.    The documents attached as Exhibits 1-33 to WCG's *Ex Parte*

5   Application and Exhibits V-ZZ of PCG's Motion For Clarification, notwithstanding

6   any prior designation as "Confidential," are not subject to the Confidentiality

7   Stipulation and Order or any other duty of confidentiality undertaken by PCG or

8   WCG, except as expressly provided herein.

9       3.    Notwithstanding anything in this Order or the Confidentiality

10  Stipulation and Order to the contrary, the following information shall be treated as

11  Confidential Information under the Confidentiality Stipulation and Order:

12      a.    The Confidential Information described in Exhibit C hereto.

13      b.    The names of the individuals on pages 62-63 of Wayne

14  Turgeon's deposition transcript, page 94 of Andrew Locher's deposition transcript,

15  and pages 133-34 of Dennis Leap's deposition transcript.

16      c.    The salary information contained in Volume I of the transcript

17  of Gerald Flurry's deposition at 56:16–25, 57, 58, 59:1-17, 166:23-26, 167:1-19,

18  173:20-25, and 174:1-13.

19      d.    The salary information contained in Volume I of the transcript

20  of Joseph Tkach's deposition at 91:21-25, 92:1-13, 99:24-25, and 100:1-5.

21      e.    Exhibits PP, UU, XX and YY to PCG's Motion for Clarification,

22  provided, however, that the following information shall not be Confidential

23  Information:  the heading, first paragraph and final page of Exhibit PP and the

24  heading, first three paragraphs, and the paragraph that begins "RESOLVED, that

25  when Joseph Tkach wrote . . ." of Exhibit UU.

26      f.    The financial information contained in Vol. I of the transcript of

27  Michael Morrison's deposition at 182:19-25; 183:1-13, 185:12-14, and 186:7-14.

28

970257.1

1      g.     The financial information contained in Vol. I of the transcript of

2  Roger Lippross' deposition at 26:17-35:24.

3      h.     The deposition exhibits attached to Vol. I of the transcript of

4  Matthew Morgan's deposition designated as Deposition Exhibits No. 1194 through

5  1200.

6      i.     The deposition exhibits attached to Vol. I of the transcript of

7  Ralph K. Helge's deposition, dated September 10, 1998, designated as Deposition

8  Exhibits No. 1024, 1025, 1029 and 1030 through 1034.

9      4.     Within 30 days after entry of this order, each party shall provide

10  written certification to the other party that it, and its affiliates, attorneys, expert

11  witnesses, employees, and agents, have returned or destroyed Confidential

12  Information in accordance with this paragraph and paragraph 11 of the

13  Confidentiality Stipulation and Order.  Notwithstanding any provision of the

14  Confidentiality Stipulation and Order to the contrary, documents attached as

15  exhibits to WCG's *Ex Parte* Application and PCG's Motion For Clarification are

16  not exempt from the requirement to return or destroy Confidential Information.

17      5.     PCG hereby withdraws its Motion For Clarification and WCG hereby

18  withdraws its *Ex Parte* Application.  Each party shall bear its own attorney's fees

19  and costs incurred in connection with the Motion For Clarification and *Ex Parte*

20  Application.

21      6.     The parties (on behalf of their officers, employees, agents, successors

22  and assigns) in order to finally conclude the litigation in this regard, hereby release,

23  relinquish, waive and abandon any and all rights and privileges they may have to

24  move the court to have any other documents or deposition transcripts produced in

25  this action be declared non-confidential or otherwise made public, or to seek any

26  other changes in the confidential or non-confidential status of documents and

27  deposition transcripts produced in this action.  In the event either party does move

28  the court in this regard, the moving party agrees to pay the reasonable attorneys'

970257.1

1  fees and expenses incurred in defending such motion or action to the defending or

2  non-moving party.

3

4  DATED:  March ___9___, 2004          MUNGER, TOLLES & OLSON LLP

5

6                                      By: _____

7                                          Eric J. Lorenzini

8                                      Attorneys for Defendant
                                       PHILADELPHIA CHURCH OF GOD,
9                                      INC.

10  DATED:  March __9__, 2004           BROWNE & WOODS LLP

11

12                                      By: _____

13                                          Miles J. Feldman

14                                      Attorneys for Plaintiff
                                       WORLDWIDE CHURCH OF GOD
15

16              *    *    *    *    *    *

17                        O R D E R

18  **IT IS SO ORDERED.**

19

20

21  DATED: _3/17/04_____          _____
                                     UNITED STATES DISTRICT
22                                              JUDGE

23

24

25

26

27

28

970257.1
                            - 4 -

SCANNED

1  MARK B. HELM (State Bar No. 115711)
   KELLY M. KLAUS (State Bar No. 161091)
2  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
3  Thirty-Fifth Floor
   Los Angeles, California 90071-1560
4  (213) 683-9100

5  Attorneys for Defendant
   Philadelphia Church of God, Inc.

6

7

8                IN THE UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 WORLDWIDE CHURCH OF GOD, a        )   Case No. CV 97-5306-JSL (CWx)
   California corporation,          )
12                                  )   CONFIDENTIALITY STIPULATION
                 Plaintiff,         )   [AND ORDER]
13                                  )
           vs.                      )
14                                  )
   PHILADELPHIA CHURCH OF GOD,      )
15 INC., an Oklahoma               )
   corporation,                     )
16                                  )
                 Defendant.         )
17 _____ )

18

19      WHEREAS, the plaintiff and counter-defendant Worldwide

20 Church of God ("WCG") desires to produce through discovery in the

21 above-captioned action certain relevant documents, namely Minutes

22 of the WCG's Board of Directors Meeting held on August 31, 1983,

23 together with accompanying documents; by-laws of the Church of

24 God (a/k/a Worldwide Church of God), dated June 30, 1981; and

25 Articles of Association of the Church of God (a/k/a Worldwide

26 Church of God), dated June 30, 1981, together with attachments

27 dated July 20, 1981, July 30, 1981, July 15, 1981, February 12,

28 1985, and March 1, 1985 (the "WCG Confidential Documents"); and

                              1

[439832.1]

1   WHEREAS, the defendant and counter-claimant Philadelphia

2 Church of God, Inc. ("PCG") desires to produce through discovery

3 in the above-captioned action certain relevant documents, namely

4 correspondence to and from the PCG concerning the Subject Works

5 (as defined in the PCG's Answer and Counter-claim); documents

6 that refer to personal information concerning PCG members,

7 prospective members and youths of members; and documents that

8 refer to the names of and amount of donations, tithes or

9 contributions made by individuals to the PCG (the "PCG

10 Confidential Information");

11   NOW THEREFORE, the parties stipulate and agree, by their

12 respective attorneys, as follows:

13   1. The WCG may designate the WCG Confidential Information

14 as "Confidential" hereunder, and the PCG may designate the PCG

15 Confidential Information as "Confidential" hereunder.

16   2. All information so designated "Confidential" as

17 provided in this Stipulation and Order, and any summaries,

18 copies, abstracts, or other documents derived in whole or in part

19 from material designated as "Confidential," shall be maintained

20 by the receiving party in confidence according to the terms of

21 this Stipulation and Order and used by the parties solely in the

22 preparation, prosecution, defense, settlement, or trial of this

23 action.  Nothing contained herein shall limit or prevent

24 disclosure or use of any "Confidential" information by the

25 producing party.

26   3. The parties shall designate Confidential Information as

27 follows:

28

(459832.1)

1       (a)   In the case of documents, by placing a

2    "Confidential" legend on the first page of the document before it

3    is produced or by such other means as to which the parties or

4    their counsel shall agree.

5       (b)   In the case of deposition transcripts and exhibits

6    to those depositions, counsel shall make a statement on the

7    record to designate the portions of the record (including

8    exhibits) containing Confidential Information.   If such a

9    designation is made, the original and each copy of the portions

10   of the deposition transcript (including exhibits) shall be

11   separately transcribed, and the transcript of the confidential

12   portions shall bear the legend "Confidential" on the cover page.

13       4.   The receiving party shall use Confidential Information

14   solely for the purpose of conducting this litigation and not for

15   any business or other purpose.   For purposes of conducting this

16   litigation, Confidential Information, or any summary of abstract

17   thereof, may be disclosed, directly or indirectly, only to the

18   following persons:

19       (a)   The Court, including its clerks, reporters and

20   staff;

21       (b)   Counsel who have appeared of record in this case,

22   partners, associates, and employees of such counsel;

23       (c)   Any certified shorthand or court reporter retained

24   to report a deponent's testimony taken in this matter; and

25       (d)   Party representatives or other witnesses who

26   agree, prior to such disclosure, to be bound by the terms of this

27   Stipulation and Order and so agree by executing the agreement

28   attached hereto as "Exhibit A."   Executed copies of such

3

[439832.1]

1   agreements shall be maintained by the receiving party's counsel,

2   who shall produce copies thereof upon request from the producing

3   party's counsel.

4       5.   Whenever any party intends to lodge or file with the

5   Court any documents containing Confidential Information, whether

6   in the form of deposition transcripts, exhibits, answers to

7   interrogatories, declarations, affidavits, memoranda of law, or

8   otherwise, the party shall lodge or file such documents in a

9   sealed envelope bearing the following notation:

10              "CONFIDENTIAL -- FILED UNDER SEAL PURSUANT TO

11               PROTECTIVE ORDER.  NOT TO BE OPENED EXCEPT

12                      ON ORDER OF THE COURT."

13  All materials lodged or filed in such fashion shall be placed

14  under seal by the clerk of the Court.

15      Any court hearing which refers to or describes Confidential

16  Information shall, in the Court's discretion, be *in camera*.

17  Should a party receiving Confidential Information wish to

18  disclose Confidential Information at a hearing in this litigation

19  or anticipate that Confidential Information will be disclosed,

20  counsel for that party shall request that the hearing in question

21  be held *in camera*, and counsel shall take all other reasonable

22  steps to avoid publication of Confidential Information through

23  its inclusion in the public record.

24      6.   Other than the Court, including its clerks, reporters

25  and staff, and counsel, who have appeared of record in this case,

26  and partners, associates, employees of such counsel, as described

27  in Paragraph 4(a) and (b) above, each person to whom any

28  Confidential Information is disclosed pursuant to this

4

1   Stipulation and Order shall be advised that such information is

2   being disclosed pursuant to, and subject to, the terms of this

3   Order of the Court, and that the sanctions for any violation of

4   the Order include penalties which may be imposed by the Court for

5   contempt.  Such persons shall also be advised of the terms of

6   this Order by providing them with a copy of this Order and they

7   shall execute an Agreement to be Bound by Protective Order in the

8   form attached hereto as Exhibit A.

9        7.   Nothing in this Stipulation and Order (a) affects, in

10  any way, the admissibility of any documents, testimony, or other

11  evidence at trial or any pretrial proceedings in this case, or

12  (b) restricts the use of information obtained from sources other

13  than discovery or motion practice, or (c) restricts the voluntary

14  disclosure of information by the producing party.

15       8.   The inadvertent or unintentional disclosure by the

16  producing party of Confidential Information shall not be deemed a

17  waiver, in whole or in part, of the confidential nature of such

18  material, unless and until the Court determines (after motion

19  preceded by a meet and confer) that further confidential

20  treatment would be unwarranted for any reason, including that the

21  Information has become sufficiently widely known.

22       9.   The following provisions of Paragraph 9 shall apply

23  only in the event the Court in the above-captioned action

24  appoints a Special Master (or other discovery referee) to

25  supervise the conduct of discovery.

26            (a)  If a party objects to any designation of

27  Confidential Information, it shall give written notice of such

28  objection ("Notice of Objection") to the designating party

5

1    setting forth with specificity the Information in question and

2    what lesser restrictions on disclosure, if any, are agreeable to

3    the objecting party.

4         (b)   The parties shall then promptly meet and confer in

5    good faith to attempt to resolve any disputes regarding the

6    designation(s) to which an objection is made.

7         (c)   If the parties cannot resolve their differences on

8    the Notice of Objection, the producing party must file a motion

9    with the Special Master for an Order, upon a showing of a good

10   cause therefor, that the disclosure of material should continue

11   to be restricted as provided in this Order or otherwise.  Until

12   the parties agree otherwise or the Special Master so orders, the

13   material to which the Notice of Objection has been given shall

14   continue to be treated as Confidential Information under this

15   Stipulation and Order provided that the designating party files a

16   motion for confidential treatment within fourteen (14) days of

17   receiving the Notice of Objection; if the designating party does

18   not do so, the receiving party is relieved of all obligations

19   under this Stipulation and Order to treat the materials as

20   confidential.

21   10.   Absence of an objection to any designation merely

22   signifies acquiescence in the designation and not that the

23   parties concede or acknowledge that the information in fact

24   warrants treatment as Confidential Information.

25   11.   Within sixty (60) days after termination of this

26   litigation and the expiration of time for appeal, all originals

27   and copies of Confidential Information shall be returned to the

28   producing party or destroyed by the receiving party (with such

1  destruction memorialized in a writing from the receiving party's

2  counsel to the producing party's counsel), unless the producing

3  party otherwise agrees in writing.  All extracts from materials

4  containing Confidential Information, summaries and compilations

5  thereof, and all written, graphic, and recorded versions of

6  information therein shall likewise be returned to the producing

7  party, or destroyed, within sixty (60) days after termination of

8  this litigation and the expiration of time for appeal, unless the

9  producing party otherwise agrees in writing.  The termination of

10  proceedings in this litigation shall not relieve the parties from

11  the obligation of maintaining the confidentiality of all

12  Confidential Information received pursuant to this Stipulation

13  and Order.  Provided, however, that nothing in this Stipulation

14  or Order shall bar either party or that party's counsel from

15  maintaining in their files related to this action (and in a

16  manner otherwise consistent with the terms of this Stipulation

17  and Order) copies of Confidential Information that are attached

18  as exhibits to deposition transcripts or court filings.

19      12.  Nothing in this Stipulation and Order is to be

20  construed to affect any matter of attorney-client privilege or

21  attorney work product immunity.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

7

13.   This Stipulation and Order may be modified by written agreement of the parties, subject to approval of the Court.

IT IS SO STIPULATED BY AND BETWEEN THE PARTIES HERETO.

Dated:

BROWNE & WOODS LLP
    Allan Browne
    Benjamin D. Scheibe
    Ella M. Martinsen

RALPH K. HELGE, ESQ.

By _____
        Benjamin D. Scheibe

Attorneys for Plaintiff
Worldwide Church of God

Dated: 2/25/98

MUNGER, TOLLES & OLSON LLP
    Mark B. Helm
    Kelly M. Klaus

By _____
        Mark B. Helm

Attorneys for Defendant
Philadelphia Church
of God, Inc.

IT IS SO ORDERED.

DATED 3/3/98

_____
    J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE

8

(439832.1)

# EXHIBIT A

## AGREEMENT TO BE BOUND BY TERMS OF

## CONFIDENTIALITY STIPULATION

I hereby acknowledge that I, _____, have read the

Confidentiality Stipulation (the "Stipulation") signed by counsel

for the parties in *Worldwide Church of God v. Philadelphia Church*

*of God, Inc.*, in the United States District Court for the Central

District of California, Case No. CV 97-5306-JSL.  I agree to be

bound by the terms of the Stipulation and to submit to the

jurisdiction of the Court for the purpose of enforcement of the

Stipulation and this Agreement.  I agree not to disclose any

Confidential Information I receive; any copies, summaries or

abstracts I make of any materials containing, referring or

relating to Confidential Information; and any other records or

compilations that may be made regarding any Confidential

Information.  Subject to the terms of Paragraph 11 of the

Stipulation, I also agree to return any and all materials

containing, referring to or relating to Confidential Information

//

//

//

//

//

//

//

//

//

//

9

[439832.1]

1  to counsel of record for the party who provided such materials to

2  me, upon request or at the conclusion of this litigation.

4                                    By_____

                                          (Signature)

6                                    _____

7                                        [Name--please print]

8                                    _____

9                                        [Address]

11                    *    *    *    *

14          IT IS SO ORDERED.

16  Dated: _____      _____

17                          JUDGE, UNITED STATES DISTRICT COURT

[43°632.1)

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, declare: that I am employed in the aforesaid County; I am over the age of 18 and not a party to the within entitled action; my business address is 355 South Grand Avenue, Suite 3500, Los Angeles, California 90071.

On March 6, 1998, I served upon the interested party(ies) in this action the foregoing document described as:

### CONFIDENTIALITY STIPULATION [AND ORDER]

[✓]   By placing ___ the original ✓ true copy(ies) thereof enclosed in sealed envelope(s) addressed to:

Allan Browne, Esq.                          Ralph K. Helge, Esq.
Benjamin D. Scheibe, Esq.                   440 West Green Street
Ella M. Martinsen, Esq.                     Pasadena, CA 91105
Browne & Woods LLP                          Tel: 818-304-4000
450 North Roxbury Drive, Seventh Floor      Fax: 818-440-1795
Beverly Hills, CA 90210-4231
Tel: 310-274-7100
Fax: 310-275-5697

[✓]   **BY MAIL** I deposited such envelope(s) with postage thereon fully prepaid in the United States mail at a facility regularly maintained by the United States Postal Service at Los Angeles, California. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing, pursuant to this affidavit.

[ ]   **BY FEDEX** I caused such envelope(s) to be placed for FedEx collection and delivery at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for FedEx mailing. Under that practice it would be deposited with the FedEx office on that same day with instructions for overnight delivery, fully prepaid, at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the FedEx delivery date is more than one day after date of deposit with the local FedEx office, pursuant to this affidavit.

[ ]   **BY FACSIMILE** I caused the transmission of the foregoing document by facsimile to the offices of the addressee(s), and such transmission was reported as complete and without error.

[ ]   **BY PERSONAL SERVICE** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s) pursuant to CCP § 1011.

[ ]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[✓]   **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on March 6, 1998, at Los Angeles, California.

_____
Kathi Basso

SCANNED

**RECEIVED**

**AUG 1 2 2003**

**KMK**

Priority —
Send —
Enter —
Closed —
JS-5/JS-6 —
JS-2/JS-3 —
Scan Only —

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MINUTE ORDER

Case No.: CV-97-5306 CAS                     August 6, 2003

Title:   WORLDWIDE CHURCH OF GOD v. PHILADELPHIA CHURCH OF GOD,
         INC.

---

PRESIDING:    HONORABLE CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE

Maynor Galvez,                              None present
Deputy Clerk                                Court Reporter

---

PLAINTIFF COUNSEL PRESENT:        DEFENDANT COUNSEL PRESENT:
None present                      None present

PROCEEDINGS:   **(1)   PHILADELPHIA CHURCH OF GOD'S MOTION FOR
                       CLARIFICATION OF CONFIDENTIALITY STIPULATION
                       AND ORDER**
                       (filed June 6, 2003)·

               **(2)   WORLDWIDE CHURCH OF GOD'S *EX PARTE*
                       APPLICATION FOR ORDER STRIKING PHILADELPHIA
                       CHURCH OF GOD'S MOTION FOR CLARIFICATION OF
                       CONFIDENTIALITY STIPULATION AND ORDER FOR
                       LACK OF SUBJECT MATTER JURISDICTION AND ORDER
                       FOR CONTINUANCE OF WORLDWIDE CHURCH OF GOD'S
                       RIGHT TO OPPOSE MOTION PENDING RESOLUTION OF
                       JURISDICTION**
                       (filed June 20, 2003)

## I.   BACKGROUND

This case arises· from defendant-counterclaimant Philadelphia
Church of God's ("PCG") unauthorized use and distribution of
Mystery of the Ages ("MOA"), the last work authored by plaintiff
Worldwide Church of God's ("WCG") deceased founder, Herbert W.
Armstrong.   The factual background of the case is set forth in·
the Ninth Circuit's opinion in Worldwide Church of God v.
Philadelphia Church of God, Inc., 227 F.3d 1110 (9th Cir. 2000)
("Worldwide Church"), cert. denied, 121 S. Ct. 1486 (2001).   In
Worldwide Church, the Ninth Circuit held that PCG had infringed
WCG's copyright by reprinting and distributing MOA and remanded
the case to this Court for the entry of a permanent injunction

ENTER ON ICMS

AUG -7 2003

prohibiting PCG from appropriating the work.  *Id.* at 1121.  In
doing so, the Ninth Circuit rejected PCG's defense that its use
of <u>MOA</u> constituted "fair use" under 17 U.S.C. § 107.  However,
the Ninth Circuit made no ruling with regard to PCG's
counterclaim which seeks declaratory relief as to eighteen
additional works authored by Armstrong (the "non-<u>MOA</u> works"),
which counterclaims seek relief based upon the Religious Freedom
and Restoration Act, 42 U.S.C. §§ 2000-2000bb-4 ("RFRA"); PCG's
claimed fair use; the "work for hire" doctrine; and abandonment.
<u>See</u> Amended Counterclaim, ¶¶ 14-26.

During the course of the litigation, the parties stipulated
to a protective order entitled Confidentiality Stipulation and
Order, filed March 3, 1998 (hereafter "the Protective Order").[1]
The Protective Order provides for procedures by which the parties
during discovery could designate documents as "confidential," and
that documents so designated would "be maintained by the
receiving party in confidence according to the terms of this
Stipulation and Order and used by the parties solely in the
preparation, prosecution, defense, settlement, or trial of this
action."  WCG App., Ex. B (Protective Order), ¶¶ 1-2.[2]  The
Protective Order further provides as follows:

> 9.  The following provisions of Paragraph 9 shall
>     apply only in the event the Court . . . appoints a
>     Special Master (or other discovery referee) to
>     supervise the conduct of discovery.
>
>     (a)  If a party objects to any designation of
>          Confidential Information, it shall give
>          written notice of such objection ("Notice of
>          Objection") to the designating party setting
>          forth with specificity the Information in
>          question and what lesser restrictions on
>          disclosure, if any, are agreeable to the
>          objecting party.
>
>     (b)  The parties shall then promptly meet and
>          confer in good faith to attempt to resolve

---

[1]      Pursuant to Local Rule 7-1, the Protective Order,
although stipulated to by the parties, had to be "approved by the
judge" and "filed with the Court."  L.R. 7-1.

[2]      Paragraph 4 similarly provides that "[t]he receiving
party shall use Confidential Information solely for the purpose
of conducting this litigation and not for any business or other
purpose."  WCG App., Ex. B, ¶ 4.

SCANNED

any disputes regarding the designation(s) to which an objection is made.

(c)  If the parties cannot resolve their differences on the Notice of Objection, the producing party just file a motion with the Special Master for an Order, upon a showing of good cause therefor, that the disclosure of material should continue to be restricted as provided in this Order or otherwise. Until the parties agree otherwise or the Special Master so orders, the material to which the Notice of Objection has been given shall continue to be treated as Confidential Information under this Stipulation and Order provided that the designating party files a motion for confidential treatment within fourteen (14) days of receiving the Notice of Objection; if the designating party does not do so, the receiving party is relieved of all obligations under this Stipulation and Order to treat the materials as confidential.[3]

10.  Absence of an objection to any designation merely signifies acquiescence in the designation and not that the parties concede or acknowledge that the information in fact warrants treatment as Confidential Information.

11.  Within sixty (60) days after termination of this litigation and the expiration of the time for appeal, all originals and copies of Confidential Information shall be returned to the producing party or destroyed the receiving party (with such destruction memorialized in a writing from the receiving party's counsel to the producing party otherwise agrees in writing. All extracts from materials containing Confidential Information, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein shall likewise be returned to the producing party, or destroyed, within sixty (60) days after termination of this litigation and the expiration of time for appeal, unless the producing party otherwise agrees in writing. The

---

[3]   Pursuant to Paragraph 9 of the Protective Order, a Special Master presided over the discovery process.

S:\Orders\CIVIL\1997\97-5306.19.wpd          3

> termination of proceedings in this litigation
> shall not relieve the parties from the obligation
> of maintaining the confidentiality of all
> Confidential Information received pursuant to this
> Stipulation and Order.  Provided, however, that
> nothing in this Stipulation or Order shall bar
> either party or that party's counsel from
> maintaining in their files related to this action
> (and in a manner otherwise consistent with the
> terms of this Stipulation and Order) copies of
> Confidential Information are attached as exhibits
> to deposition transcripts or court filings.

WCG's App., Ex. C, ¶¶ 9-11.

On March 5, 2003, the parties entered into a settlement
agreement and mutual release ("Settlement Agreement") regarding
all claims that were raised between the parties or that could
have been raised in the action.  WCG's Ex Parte Application
("WCG's App."), Ex. C (Settlement Agreement), ¶ 1(a)-(f).  With
respect to the treatment of confidential documents, the
Settlement Agreement provides as follows:

> Notwithstanding any of the other provisions of this
> Settlement Agreement, the Parties agree and re-confirm
> that the Confidentiality Stipulation and Order entered
> by the Court in this Action on March 3, 1998, will
> survive the termination of the Action and will govern
> the return and/or destruction of previously produced
> "Confidential" documents.

Id., Ex. C, ¶ 11.

On April 9, 2003, the Court signed the parties' joint
stipulation and order voluntarily dismissing the action with
prejudice pursuant to Fed. R. Civ. P. 41(a)(2).  The stipulation
and order of dismissal provides:

> It is hereby stipulated by and between [WCG] and [PCG]
> through their designated counsel of record that WCG's
> complaint and PCG's counterclaim shall be and hereby
> are dismissed with prejudice pursuant to F.R.C.P.
> 42(a)(2), with each party to bear their own costs and
> attorneys' fees.

WCG's App., Ex. D (Order and Stipulation for Dismissal With
Prejudice of Complaint and Counterclaim) at 2.

On June 6, 2003, PCG filed a "Motion for Clarification of
the Confidentiality Stipulation and Order," arguing that during
the pendency of the litigation, WCG abused the Protective Order
by making overly expansive claims of confidentiality.  PCG's
Motion to Clarify Confidentiality Stipulation and Order at 1
(contending that WCG violated the Protective Order by
"designat[ing] as confidential multiple deposition transcripts
and thousands upon thousands of pages of documents.").  It is
undisputed that during discovery both parties designated certain
documents as "confidential."  Further, it is undisputed that PCG
at no time previously challenged the confidentiality designation
of the documents it claims to be at issue here.

In response to PCG's motion, on June 20, 2003, WCG filed an
*ex parte* application seeking the following relief: (1) an order
striking PCG's motion for clarification of the Protective Order
for lack of subject matter jurisdiction, and (2) an order
continuing WCG's right to oppose the motion pending resolution of
jurisdiction.  PCG opposed the *ex parte* application on June 24,
2003, and WCG replied on June 27, 2003.

The two matters presently before the Court are PCG's Motion
for Clarification and WCG's *Ex Parte* Application.  Because WCG's
*Ex Parte* Application goes to the Court's subject matter
jurisdiction over this dispute, the Court will address this
matter first.  The Court heard oral argument on July 14, 2003,
and after granting the parties' request to submit additional
briefing on certain issues raised during oral argument, the Court
took the matters under submission.

## II.  WCG'S *EX PARTE* APPLICATION

### A.  The Parties' Arguments

In its *ex parte* application, WCG contends that the present
dispute over the Protective Order arises out of the Settlement
Agreement, which is a contractual dispute that the Court
lacks jurisdiction to hear in the absence of the Court having (1)
incorporated the terms of the settlement agreement in its
dismissal order, or (2) expressly reserved jurisdiction over the
settlement agreement.  WCG's App. at 1-2, 5-7 (citing Kokkonen v.
Guardian Life Ins. Co., 511 U.S. 375, 381-82 (1994)); see also
WCG's Reply in Support of *Ex Parte* Application ("WCG's Reply") at
3.

PCG argues that "the Court has *inherent jurisdiction* to hear
challenges to the restrictions imposed by the Protective Order so
long as the restrictions remain in effect."  PCG's Opposition to
*Ex Parte* Application ("PCG's Opp.") at 1; see also id. at 2-4, 6.

Further, PCG contends that, by its motion, PCG "does not seek enforcement of the *settlement agreement,* but clarification of the *Protective Order,*" and that accordingly, the Court's jurisdiction over this matter is not dependent on a reservation of jurisdiction over the Settlement Agreement in the terms of the dismissal order. Id. at 1; see also id. at 8-9.

B.    Subject Matter Jurisdiction

In Kokkonen, supra, the Supreme Court held that "[e]nforcement of . . . [a] settlement agreement, . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen, 511 U.S. at 377-78. Further, the Kokkonen court held that for the court to retain continuing jurisdiction over an action after a dismissal-producing settlement agreement, the court must retain such jurisdiction either by incorporating the terms of the settlement agreement into the dismissal order or by expressly stating in the dismissal order the court's "retention of jurisdiction" over the settlement contract. Id. at 381.[4]

Kokkonen is no bar to the Court's jurisdiction over the present dispute, however, because PCG does not seek to enforce the Settlement Agreement. Rather, the relief PCG seeks is a determination that WCG utilized an overly expansive definition of confidentiality in designating its documents "confidential," in violation of the Protective Order. As set forth in the above-quoted paragraph 11 of the Protective Order, the order contemplates continuing supervision of the parties' conduct with respect to confidential documents after termination of the litigation. WCG App., Ex. B, ¶ 11 (setting forth procedures for the destruction and/ or return of documents designated "Confidential" and obligating each party to "maintain[] the

_____

[4]    The Ninth Circuit has held that the means of retaining jurisdiction set forth in Kokkonen must be explicitly expressed in the dismissal order. See, e.g., Hagstead v. Tragesser, 49 F.3d 1430, 1433 (9th Cir. 1995) (holding that the district court lacked jurisdiction to hear disputes arising out of settlement agreement, even where the court stated on the record its intention to retain jurisdiction to enforce the agreement, because the dismissal order did not expressly retain jurisdiction or incorporate the terms of a settlement agreement as required under Kokkonen); O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995) (holding that an order "based on" a settlement agreement, without more, does not "embody the settlement contract" and *therefore* "*is insufficient to create ancillary jurisdiction*).

confidentiality of all Confidential Information received pursuant to [the Protective Order]" after the conclusion of the litigation). Thus, PCG's claim does not arise from the Settlement Agreement; rather, PCG merely seeks a declaration that WCG has violated the terms of the Protective Order, over which the Court has continuing jurisdiction. <u>Poliquin v. Garden Way, Inc.</u>, 989 F.2d 527, 532 n.1 (1st Cir. 1993) ("[T]he orders in question represent in part a declaration of the scope of the existing August 2 order as applied to disputed materials and in part a refusal to remove prior protection. Thus, the orders were within the district *court's continuing authority over previously issued orders*.") (emphasis added); <u>see also</u> <u>Beckman Indus., Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 472 (9th Cir. 1992); <u>Public Citizen v. Ligget Group, Inc.</u>, 858 F.2d 775, 782 (1st Cir. 1988) (noting that correlative to the inherent power to enforce a protective order, a district court necessarily retains the power to modify such orders in light of changed circumstances); <u>United Nuclear Corp. v . Cranford Ins. Co.</u>, 905 F.2d 1424, 1427 (10th Cir. 1990) (holding that court retains power to modify protective order even if underlying suit is dismissed); <u>United States v. Swift & Co.</u>, 286 U.S. 106, 114015 (1932).[5]

## III. PCG'S MOTION FOR CLARIFICATION OF CONFIDENTIALITY STIPULATION AND ORDER

Having concluded that the Court retains jurisdiction to determine the parties' rights and obligations under the Protective Order, the Court determines that the parties' challenges to each others' confidentiality designations are

---

[5]     The present situation is distinguishable from <u>William Keeton Enterprises v. A All American Strip-O-Rama</u>, 74 F.3d 178 (9th Cir. 1996), in which the Ninth Circuit reversed a district court's determination that it possessed jurisdiction to issue post-dismissal orders in order to enforce orders issued in conjunction with the parties' voluntary dismissal. <u>Id.</u> at 182. The Court in <u>William Keeton</u> held that the district court lacked jurisdiction to enter a second injunction which imposed additional obligations on the parties beyond those agreed to in their stipulated judgment and permanent injunction. Because the stipulated judgment did not confer continuing jurisdiction on the district court, the Ninth Circuit concluded that the district court could not issue an injunction that differed from that stipulated to by the parties. <u>Id.</u> at 182-83. Here, PCG does not seek from the Court an imposition of additional obligations on the parties, but merely a declaration as to the parties' existing rights and obligations under the Protective Order.

permissible under the Protective Order for the reasons set forth below.

Although WCG advances numerous arguments intended to show that to permit PCG to challenge confidentiality designation at this late stage would be the equivalent of permitting PCG to rewrite the Protective Order, the Court disagrees.

First, WCG argues that paragraph 2 of the Protective Order limits use of the confidential documents to the now dismissed litigation. WCG Further Supp. Brief in Opp. to PCG's Mot. for Clarification Stipulation and Order ("WCG Supp. Brief") at 2. This argument ignores the real issue, namely, whether the documents the parties marked as confidential fall within the very limited definition of "Confidential Information" set forth in the preamble to the Protective Order.

Next, WCG suggests that PCG's challenge could only be made during the discovery phase of the case and then, only so long as a special master had been appointed. Neither of these arguments is persuasive. WCG Supp. Brief at 3-4. Paragraph 9 of the Protective Order merely delineates procedures if a special master has been appointed. Paragraph 10 makes clear that there is no time limit for objecting to confidentiality. Therefore, a fair reading of the Protective Order is that either party retained the right to challenge confidentiality up to the time confidential documents were to be returned pursuant to paragraph 11 of the Protective Order. With reference to the suggestion that a challenge to confidentiality may only be made if a special master is in place, the Protective Order does not appear to place any such limitation on the parties' ability to challenge confidentiality. First, as set forth above, paragraph 9 only applies if a special master is in place. Paragraph 10 appears to contain no such limitation. Moreover, as PCG points out, a special master was in place until this matter was transferred to this Court. At that time, the Special Master was discharged. WCG implicitly acknowledges that PCG could have challenged the confidentiality designations during discovery; if a special master were required to be in place to enable there to be a challenge to a confidentiality designation, it made no sense for the parties to consent to the discharge of the special master while the discovery phase of this case was ongoing. Moreover, given that all discovery is automatically referred to the a magistrate judge assigned randomly to cases as filed, the logical reading of the Protective Order is that challenges to confidentiality designations could be made to the Magistrate Judge in the event there is no special master.

Finally, WCG contends that granting the present request by PCG for clarification would result in a modification of the

settlement agreement.  WCG Supp. Brief at 6.  As set forth above, the Court views the present request as one requiring it to construe the Protective Order.  In this regard, the Court notes that in light of its construction of the Protective Order as permitting challenges to confidentiality designations up to the time confidential documents must be returned pursuant to paragraph 11, PCG's current request would be appropriately made under the Protective Order even if this case had been tried to judgment rather than settled.  This is so because PCG made its challenge to confidentiality prior to the expiration of sixty days following the termination of the litigation, thereby effectively challenging the confidentiality designation before confidential information was required to be returned.[6]  As a result, there can be no rational argument that there has been a modification of the settlement agreement.

Accordingly, the Court finds that the parties may challenge confidentiality designations as being inconsistent with the definitions contained in the Protective Order.  The question of whether confidentiality designations are overbroad and exceed the scope of the Protective Order with regard to particular documents that are the subject of their respective motions shall be referred to a special master, as provided for in paragraph 9 of the Protective Order.  WCG App., Ex. B, ¶ 9.  The Court orders the parties to submit proposals regarding a mutually agreed upon special master.  If, however, the parties cannot agree on a special master, the Court will appoint a special master and fix the compensation to be allowed, pursuant to Fed. R. Civ. P. 53(a).

## IV.  CONCLUSION

WCG's *ex parte* application is hereby DENIED.[7]  The Court declines at this time to render a decision on the merits of PCG's motion for clarification of the confidentiality stipulation and

---

[6]  The Court finds that PCG's challenge to WCG's confidentiality designation served to toll the sixty day period. Thus, the Court deems WCG's oral objection at the July 14, 2003 hearing to certain of PCG's confidentiality designations as being sufficient to preserve WCG's right to challenge to such designations under the Protective Order.

[7]  WCG's request for an extension of time to respond to PCG's motion, such request appears to be moot because WCG responded to PCG's motion on June 23, 2003.

order and will defer such decision until a recommendation is made by a special master to be agreed upon by the parties, or in the alternative, to be appointed by the Court.

IT IS SO ORDERED.

SCANNED

**EXHIBIT C:  Confidential Information In WCG's *Ex Parte* Application That Shall Remain Confidential**

| BATES NUMBERS | DOCUMENT DESCRIPTION | CONFIDENTIAL INFORMATION |
|---|---|---|
| **VOLUME I OF EXHIBITS IN SUPPORT OF WCG'S *EX PARTE* APPLICATION** | | |
| PCG 080534 | Reader's Digest invoice & PCG check | Checking account number, routing number & signature |
| PCG 080544 | PCG check | Checking account number, routing number & signature |
| PCG 081203 | Banta invoice | Account number |
| PCG 081211-12 | Banta invoice | Addresses, names and phone numbers |
| PCG 081299 | PCG check | Checking account number, routing number & signature |
| **VOLUME II OF EXHIBITS IN SUPPORT OF WCG'S *EX PARTE* APPLICATION** | | |
| PCG 005074-78 | DHL Invoice; Colorcraft Memo; Colorcraft Invoice | Names and addresses |
| PCG 007579 | PCG check | Checking account number, routing number & signature |
| PCG 007581 | PCG check | Checking account number, routing number & signature |
| PCG 007583 | PCG check | Checking account number, routing number & signature |
| PCG 007585-90 | DHL Invoice; Colorcraft Invoice; Colorcraft Memo | Names and addresses |
| PCG 007592 | Natl. Australian Bank: Telegraphic transfer | Address; signature, account number |
| PCG 007593-96 | PCG check; Natl. Australian Bank Telegraphic transfer | Checking account number, routing number, signature (PCG); address & signature; account number (Natl. Bank) |
| PCG 012439-444 | PCG check | Checking account number, routing number & signature |
| PCG 012446-454 | PCG check | Checking account number, routing number & signature |
| PCG 012527 | Application for credit | Account number |

-1-

| BATES NUMBERS | DOCUMENT DESCRIPTION | CONFIDENTIAL INFORMATION |
|---|---|---|
| PCG 014551 | Colorcraft Fax | Names |
| PCG 014553-54 | Colorcraft Fax | Signature; account number |
| PCG 014556-60 | PCG Invoice; Colorcraft Inv. | Names, addresses; account number |
| PCG 014561-62 | Fax transmittal | Names; phone & fax numbers |
| PCG 014563-64 | Colorcraft Invoice | Names and addresses |
| PCG 014565-67 | PCG check; Natl. Australian Bank | Checking account number, routing number, signature (PCG); signature; account. number; address (Natl. Bank) |
| PCG 014568 | Top Bright Indust. Fax | Address; text relating to medical information |
| PCG 014569 | PCG check | Checking account number, routing number & signature |
| PCG 014570-72 | Natl. Bank Australian: Telegraphic Transfer; Colorcraft Inv. | Account number; signature; address (Natl. Bank); address (Colorcraft) |
| PCG 014573 | PCG check | Checking account number, routing number & signature |
| PCG 014574 | Natl. Australian Bank:  (Natl. Australian Bank) Telegraphic Transfer | Account number, signature, address |
| PCG 014575 | Natl. Australian Bank: Transfer application; PCG check | Account number, address; checking account number; routing number; signature |
| PCG 014576 | Top Bright Indust. Fax | Address; text re: medical history |
| PCG 014577 | PCG check | Checking account number, routing number & signature |
| PCG 014578 | Natl. Australian Bank: Transfer Application | Account number; address; signature; address |
| PCG 014579-84 | PCG Donation Records | Entire document |
| PCG 081347-53 | PCG invoice | Name & signature |
| PCG 051986-98 | Auditor's Report | Entire document |
| PCG 080544 | PCG check | Checking account number, routing number & signature |

953766 2

| BATES NUMBERS | DOCUMENT DESCRIPTION | CONFIDENTIAL INFORMATION |
|---|---|---|
| PCG 081300-06 | PCG check | Checking account number, routing number |
| PCG 081308-10 | PCG check | Checking account number, routing number & signature (if signed) |
| PCG 081313-18 | PCG check | Checking account number, routing number & signature |
| PCG 081356-57 | DHL invoice | Name and address; signature |
| PCG 100606-07 | Colorcraft Invoice | Address |
| PCG 102137-43 | 1991 Year-End Treasurer's Report | Entire document |
| PCG 119562-63 | PCG invoice | Name and address |
| PCG 119564 | PCG invoice | Name and address |
| PCG 119565-75 | PCG invoice | Name and address |
| PCG 119576-77 | PCG invoice | Name and address |
| PCG 119578-80 | PCG invoice | Name and address |
| PCG 119581-84 | Invoice and PCG check | Account number, routing number, signature; names and addresses |
| PCG 119585-87 | PCG invoice | Name and address; Account number; routing number; signature |
| PCG 119588-90 | PCG Invoice; PCG check | Name and address; Account number; routing number; signature |
| PCG 119591-96 | PCG Invoice | Name and address |
| PCG 119597 | PCG Invoice; PCG check | Name and address; Account number; routing number; signature |
| PCG 119598-611 | PCG Invoice | Name and address |
| PCG 119630-119733 | Bank statement | Account number |
| PCG 119903-119963 | Contribution Register | Entire document |
| PCG 119971-119986 | Donation Records | Entire document |

953766 2

| VOLUME III OF EXHIBITS IN SUPPORT OF WCG'S *EX PARTE* APPLICATION | | |
|---|---|---|
| PCG 005048-52 | Bylaws | Entire document |
| PCG 005093 | PCG Letter to member | Names, addresses & phone numbers |
| PCG 102131-34 | Letter to PCG from member | Names & addresses |
| VOLUME IV OF EXHIBITS IN SUPPORT OF WCG'S *EX PARTE* APPLICATION | | |
| PCG 011991-012207 | List of names & addresses of PCG members | Entire document |
| PCG 080830-080831 | Letter from PCG member | Names and addresses |
| PCG 101660 | PCG Shipping Instructions | Names and addresses |
| PCG 101663 | PCG Shipping Instructions | Names and addresses |
| PCG 101666 | PCG Shipping Instructions | Names and addresses |
| PCG 101669 | PCG Shipping Instructions | Names and addresses |
| PCG 101672 | PCG Shipping Instructions | Names and addresses |
| PCG 101675 | PCG Shipping Instructions | Names and addresses |
| PCG 101678 | PCG Shipping Instructions | Names and addresses |
| PCG 101681 | PCG Shipping Instructions | Names and addresses |
| PCG 101683 | PCG Shipping Instructions | Names and addresses |
| PCG 101685 | PCG Shipping Instructions | Names and addresses |
| PCG 101687 | PCG Shipping Instructions | Names and addresses |
| PCG 101689 | PCG Shipping Instructions | Names and addresses |
| PCG 101691 | PCG Shipping Instructions | Names and addresses |
| PCG 101694 | PCG Shipping Instructions | Names and addresses |
| PCG 101697 | PCG Shipping Instructions | Names and addresses |
| PCG 101700 | PCG Shipping Instructions | Names and addresses |
| PCG 101703 | PCG Shipping Instructions | Names and addresses |
| PCG 101706 | PCG Shipping Instructions | Names and addresses |
| PCG 101709 | PCG Shipping Instructions | Names and addresses |
| PCG 101712 | PCG Shipping Instructions | Names and addresses |
| PCG 101716 | PCG Shipping Instructions | Names and addresses |
| PCG 101719 | PCG Shipping Instructions | Names and addresses |
| PCG 101722 | PCG Shipping Instructions | Names and addresses |

953766.2

| PCG 101724 | PCG Shipping Instructions | Names and addresses |
|---|---|---|
| PCG 101727 | PCG Shipping Instructions | Names and addresses |
| PCG 101728 | PCG Shipping Instructions | Names and addresses |
| PCG 101731-32 | PCG Shipping Instructions | Names and addresses |
| PCG 101735-36 | PCG Shipping Instructions | Names and addresses |
| PCG 101739-40 | PCG Shipping Instructions | Names and addresses |
| PCG 101743-44 | PCG Shipping Instructions | Names and addresses |
| PCG 101748 | PCG Shipping Instructions | Names and addresses |
| PCG 101751 | PCG Shipping Instructions | Names and addresses |
| PCG 101754 | PCG Shipping Instructions | Names and addresses |
| PCG 101757 | PCG Shipping Instructions | Names and addresses |
| PCG 101760 | PCG Shipping Instructions | Names and addresses |
| PCG 101763 | PCG Shipping Instructions | Names and addresses |
| PCG 101766 | PCG Shipping Instructions | Names and addresses |
| PCG 101769 | PCG Shipping Instructions | Names and addresses |
| PCG 101772 | PCG Shipping Instructions | Names and addresses |
| PCG 101775 | PCG Shipping Instructions | Names and addresses |
| PCG 101778 | PCG Shipping Instructions | Names and addresses |
| PCG 101781 | PCG Shipping Instructions | Names and addresses |
| PCG 101784 | PCG Shipping Instructions | Names and addresses |
| PCG 101789 | PCG Shipping Instructions | Names and addresses |
| PCG 101792 | PCG Shipping Instructions | Names and addresses |
| PCG 101795 | PCG Shipping Instructions | Names and addresses |
| PCG 101825-827 | Peerless Group: Print Jobs | Names and addresses |
| PCG 101831 | Peerless Group: Print Jobs | Names and addresses |
| PCG 101855-856 | Peerless Group: Print Jobs | Names and addresses |
| PCG 101859-860 | PCG Shipping Instruct. (2nd) | Names and addresses |
| PCG 101863-864 | PCG Shipping Instruct. (2nd) | Names and addresses |
| PCG 101867-68 | PCG Shipping Instruct. (2nd) | Names and addresses |
| PCG 101871-72 | PCG Shipping Instruct. (2nd) | Names and addresses |
| PCG 101875 | Peerless Group: Print Job | Names and addresses |
| PCG 101877 | Peerless Group: Print Job | Names and addresses |

953766 2

| PCG 101879 | Peerless Group: Print Job | Names and addresses |
|---|---|---|
| PCG 101881 | Peerless Group: Print Job | Names and addresses |
| PCG 101885 | Peerless Group: Print Job | Names and addresses |
| PCG 101888 | Peerless Group: Print Job | Names and addresses |
| PCG 101890 | Peerless Group: Print Job | Names and addresses |
| PCG 101892 | Peerless Group: Print Job | Names and addresses |
| PCG 101914 | PCG Shipping Instr. (3rd Quarter | Names and addresses |
| PCG 101917 | PCG Shipping Instr. (3rd Quarter | Names and addresses |
| PCG 101920 | PCG Shipping Instr. (3rd Quarter | Names and addresses |
| PCG 101922 | PCG Shipping Instr. (3rd Quarter | Names and addresses |
| PCG 101924 | PCG Shipping Instr. (3rd Quarter | Names and addresses |
| PCG 101928 | Peerless Group: Print Job | Names and addresses |
| PCG 101930 | Peerless Group: Print Job | Names and addresses |
| PCG 101932 | Peerless Group: Print Job | Names and addresses |
| PCG 101937 | Peerless Group: Print Job | Names and addresses |
| PCG 101941 | PCG Shipping Inst. (3rd Quarter | Names and addresses |
| PCG 101944 | PCG Shipping Inst. (3rd Quarter | Names and addresses |
| PCG 101947 | PCG Shipping Inst. (3rd Quarter | Names and addresses |
| PCG 101950 | PCG Shipping Inst. (3rd Quarter | Names and addresses |
| PCG 101953 | PCG Shipping Inst. (3rd Quarter | Names and addresses |
| PCG 101956 | PCG Shipping Inst. (3rd Quarter | Names and addresses |
| PCG 101959 | PCG Shipping Inst. (3rd Quarter | Names and addresses |
| PCG 101963 | Peerless Group: Print Job | Names and addresses |
| PCG 101967 | Peerless Group: Print Job | Names and addresses |
| PCG 101969 | Peerless Group: Print Job | Names and addresses |
| PCG 102457-92 | Email; letter; fax re: email address | Names, addresses, phone numbers, email address, medical information (e.g., on PCG 102457) |

953766.2

| VOLUME V OF EXHIBITS IN SUPPORT OF WCG'S *EX PARTE* APPLICATION | | |
|---|---|---|
| Exhibit 16 to WCG's *Ex Parte* | Letters to PCG | Names, addresses and phone numbers |
| Exhibit 22 to WCG's *Ex Parte* | Letter to PCG | Names, addresses and phone numbers |
| Exhibit 23 to WCG's *Ex Parte* | List of names & addresses of individuals requesting PCG literature | Entire document |
| Exhibit 24 to WCG's *Ex Parte* | G. Flurry deposition (1998) | Salary information |
| Exhibit 26 to WCG's *Ex Parte* | Expense Report | Names & initials of individuals |
| PCG 010325-26 | Letter from member | Names and addresses |
| PCG 014704-10 | Emails | Names and addresses |
| PCG 080892-98 | Email | Names and email addresses |
| PCG 081360 | Letter | Names |
| PCG 081416 | Letter from D. Leap | Names |
| PCG 097419-38 | Letters to local elders & members | Entire document |
| PCG 102086-99 | S. Flurry sermon | Entire document |
| PCG 102103-114 | S. Flurry sermon | Entire document |
| PCG 102397-98 | Excerpt from booklet/fax | Address |
| VOLUME VI OF EXHIBITS IN SUPPORT OF WCG'S *EX PARTE* APPLICATION | | |
| No documents | | |
| VOLUME VII OF EXHIBITS IN SUPPORT OF WCG'S *EX PARTE* APPLICATION | | |
| Exhibit 31 to WCG's *Ex Parte* | Locher deposition | Names of individuals (p. 94) |

953766.2

**PROOF OF SERVICE BY MAIL**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California  90071-1560.

On March 10, 2004, I served the foregoing document described as *Stipulation and [Proposed] Order Regarding Confidential Documents* on the interested party in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Ralph K. Helge
> Worldwide Church of God
> 300 West Green Street
> Pasadena, CA  91123
>
> Miles Feldman
> Browne & Woods LLP
> 450 North Roxbury Drive
> Seventh Floor
> Beverly Hills, CA  90210-4231

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 10, 2004, at Los Angeles, California.

Marie A. Baltierra

991865.1